IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WALLACE CARSON,[1] | ) | |
|     Petitioner, | ) | Civil Action No. 7:20-cv-00654 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN J.C. STREEVAL, | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Wallace Carson, a federal inmate proceeding *pro se*, filed a petition styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In it, he challenges his 2016 conviction and sentence in Case No. 1:15-cr-30149-NJR, in the United States District Court for the Southern District of Illinois. His petition claims that he is actually innocent of the charges for which he was convicted "based upon the recent law change in" five cases. He lists those cases with varying degrees of detail, but as best the court can tell, they are: *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019); *McCoy v. United States*, No. 2:03-cr-197, 2020 WL 2738225 (E.D. Va. May 26, 2020),[2] *United States v. Beck*, No. 1:13-cr-186, 2019 WL 2716525 (M.D.N.C. June 28, 2019); *United States v. Webster*, No. 3:91cr138 (DJN), 2020 WL 618828 (E.D. Va. Feb. 20, 2020); and *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121 (D. Utah Feb. 18, 2020).

In describing the facts in support of his petition, Carson claims that he was improperly sentenced to multiple charges under 18 U.S.C. § 924(c) and that the First Step Act of 2018

---

[1] The petition and the envelope in which it arrived use different spellings of petitioner's name, but Bureau of Prisons records confirm that his name is spelled Wallace Carson. The Clerk will be directed to update the docket accordingly.

[2] The only information provided by Carson as to this case was the name and a number (20-6820). The Fourth Circuit case with that case number does not share that title, and the court was unable to locate any other decisions with that number or any other decisions with "McCoy" in the title that seemed similar to the other four cases listed.

makes the "stacking" of § 924(c) charges illegal. He asks that the court "overturn or vacate" his sentence, or, at the very least, direct "the lower court to resentence" him. (Pet. 8.) Because the court concludes that Carson cannot satisfy the requirements for proceeding under § 2241, the court will dismiss his petition for lack of jurisdiction.

## I. BACKGROUND

Carson pled guilty to all three counts of a three-count indictment. Count 1 charged him with Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), Count 2 charged him with brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and Count 3 charged him with unlawful possession of a firearm by a felon, in violation of § 922(g)(1) and 924(e). *United States v. Carson*, No. 3:15-cr-30149 (S.D. Ill), ECF No. 30 at 1–2 (plea agreement). On June 1, 2016, he was sentenced to a term of imprisonment of 188 months as to Counts 1 and 3 and 84 months as to Count 2, to be served consecutively, for a total term of 272 months. The court imposed a three-year term of supervised release on Count 1 and a five-year term on Counts 2 and 3, to run concurrently. Carson also was ordered to pay a special assessment and restitution. An amended judgment was entered on June 13, 2016. *Id.*, ECF No. 50.

Carson appealed. The United States Court of Appeals for the Seventh Circuit dismissed his appeal on the basis of the appeal waiver in his plea agreement. *Id.*, ECF No. 65; *United States v. Carson*, No. 16-2694 (7th Cir. May 30, 2017) (per curiam).

On July 23, 2018, Carson filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *Carson v. United States*, No. 3:18-cv-01424-NJR (S.D. Ill.), ECF No. 1. By opinion and order entered April 15, 2020, the court denied his § 2255 motion. Carson did not appeal. The Clerk of this court received his § 2241 petition on November 6, 2020.

## II. DISCUSSION

Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or sentence after a direct appeal has concluded. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3]

Section 2255 is inadequate or ineffective to test the legality of a conviction only when the following three requirements are met:

> 1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;
>
> 2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> 3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[4]

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). These requirements are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must satisfy all three requirements of the *Jones* test for the district court to have jurisdiction to evaluate the merits of his claims. *See United States v. Wheeler*, 866 F.3d 415, 423–26 (4th Cir. 2018).

---

[3] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

[4] The gatekeeping provisions of § 2255(h) require a prisoner, before filing a "second or successive" § 2255 motion, to receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. *Lester*, 909 F.3d at 710–11 (citing 28 U.S.C. § 2255(h)(1)–(2)).

To the extent that Carson is challenging his *sentence*, as opposed to his conviction, the required showing is similar. Under *Wheeler*, a petitioner may proceed under § 2241 to challenge his sentence only if he shows all of the following:

1. At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

3. The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

4. Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429; *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th Cir. 2018).

At a minimum, then, to utilize § 2241 to challenge his conviction, Carson must point to some change in substantive law that occurred after his conviction such that the conduct of which he was convicted is deemed not to be criminal. Likewise, to utilize § 2241 to challenge his sentence, Carson must point to some substantive law that was settled at the time of his conviction but changed after his direct appeal and first § 2255 motion and was deemed to apply retroactively on collateral review.

Carson's petition does not identify any qualifying changes in law. Although he points to two alleged changes in law, neither one satisfies the second element of the *Jones* or *Wheeler* tests. First, he relies on the First Step Act of 2018 ("the Act"), Pub. L. 115-391, 132 Stat. 5194, and the change it made to 18 U.S.C. § 924(c). Specifically, under § 403 of the Act, § 924(c)(1)(C) was amended by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under the subsection has become final." After the amendment, then, the "prosecutorial practice of

4

'stacking' § 924(c) charges in the same indictment without a previous § 924(c) conviction" would no longer trigger the enhanced penalty under § 924(c)(1)(C). *United States v. Redd*, No. 1:97-CR00006-AJT, 2020 WL 1248493, at *5 (E.D. Va. Mar. 16, 2020).

As a factual matter, Carson did not have multiple 924(c) convictions in his case that were "stacked;" only one of the three counts charged him with a violation of § 924(c). Thus, the change in law to which he points would not alter the legality of his conviction or sentence. In any event, that change in law is not applicable to invalidate his sentence because it is not retroactive. Instead, § 403 of the Act, by its plain terms, applies only to offenses where the sentence was imposed after December 21, 2018. *United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019); *cf. United States v. Jordan*, 952 F.3d 160, 174 (4th Cir. 2020) (holding that the First Step Act's revisions to § 924(c) did not apply to a defendant who was sentenced before the Act's effective date, even if his case was still pending on appeal at that time). Because it is not retroactive and because Carson was sentenced in 2016, before the Act's effective date, the Act's change to § 924(c) is not a change in the law that can satisfy the jurisdictional requirements for Carson to proceed under § 2241. *Robinson v. Breckon*, No. 7:19-CV-459, 2020 WL 4574497, at * 5 (W.D. Va. Aug. 7, 2020) (reasoning that the § 2241 petitioner could not rely on the change to § 924(c)(1)(C) contained within the Act to meet the second prong of *Wheeler*).

The only other law to which Carson points as having changed consists of his references to the five cases cited on the first page of this opinion. He states that these cases rendered him "factually [and] actually innocent," but this is not correct. The common thread in the five cases is that they all addressed requests for a reduced sentence under the so-called "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A), based on the expanded opportunities for such motions implemented by the First Step Act of 2018. As explained in one of those cases, the Act

>amended the procedures by which defendants can seek reductions in their sentences through compassionate release. Previously, a defendant could only petition the Bureau of Prisons ("BOP") Director for compassionate release, who could then move the district court for compassionate release. . . . Now, the [Act] allows defendants, for the first time, to petition district courts directly for compassionate release.

*Webster*, 2020 WL 618828, at *1. In addition to requiring a defendant to first exhaust administrative remedies, the court may grant relief under § 3582(c)(1)(A)(i) if "extraordinary and compelling reasons warrant such a reduction" and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* at *2. To determine whether to reduce a sentence, the court also must consider any applicable factors from 18 U.S.C. § 3553(a). *Id.*

While four of the five cases cited by Carson granted relief in the form of a reduced sentence, all but one that granted relief involved cases with stacked § 924(c) charges, unlike Carson's case, as already discussed.[5] *See also United States v. Arey*, 461 F. Supp. 3d 343, 349–50 (W.D. Va. 2020) (finding that the continued incarceration of a defendant sentenced based on three "stacked" § 924(c) offenses, in addition to other offenses, when that sentencing scheme had since been "substantially amended," was an "extraordinary and compelling" reason to consider a reduction in sentence and collecting authority holding same). In any event, those cases do not constitute a change in the law that make Carson's conduct noncriminal, nor do they mean that his sentence is no longer a legal sentence. Instead, there is no mandatory requirement that a court modify a prior sentence in such a circumstance; the relevant language states that a court "may"

---

[5] The courts in *Urkevich*, *Maumau*, and *McCoy* all concluded that a sentence reduction was warranted, in part because of the changes in how § 924(c) sentences are now calculated. *Beck* granted a reduction in a case without § 924(c) charges on the grounds that the defendant had invasive breast cancer and the Bureau of Prisons had delayed her treatment and provided her with what the court described as "abysmal health care." 425 F. Supp. 3d 573, 588 (M.D.N.C. 2019). In *Webster*, which did not involve multiple 924(c) convictions, the court denied defendant's request for a sentence reduction after considering the § 3553(a) factors.

reduce the term of imprisonment upon the appropriate showing. 18 U.S.C. § 3582(c)(1)(A). Accordingly, Carson has not met the requirements for proceeding under § 2241.

To the extent Carson is seeking a reduced sentence for "extraordinary and compelling" reasons pursuant to 18 U.S.C. § 3582(c)(1)(A), he must submit his request to the court that sentenced him, after first exhausting administrative remedies through the Bureau of Prisons. He may not seek that relief through § 2241. The court expresses no opinion on the merits of any such request.

### III. CONCLUSION

For the reasons stated herein, Carson cannot satisfy the *Jones* or *Wheeler* requirements to proceed under § 2241. His petition, therefore, must be dismissed for lack of jurisdiction. An appropriate order will be entered.

Entered: November 12, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge